**[This opinion has been published in *Ohio Official Reports* at 74 St.3d 651.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. MARSHALL.

**[Cite as *Disciplinary Counsel v. Marshall*, 1996-Ohio-241.]**

*Attorneys at law—Misconduct—Permanent disbarment—Failure to cooperate with efforts to investigate allegations of misconduct—Conduct prejudicial to the administration of justice—Conduct adversely reflecting on fitness to practice law.*

(No. 95-2126—Submitted December 6, 1995—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-18.

_____

{¶ 1} In a complaint filed on February 6, 1995, relator, Office of Disciplinary Counsel, charged that respondent, David Steele Marshall of Mentor, Ohio, Attorney Registration No. 0031544, had completely failed to cooperate with efforts to investigate allegations of his misconduct and had thereby violated Gov.Bar R. V(4)(G) and DR 1-102(A)(5) (conduct prejudicial to the administration of justice) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law). Respondent was served notice of the complaint, but did not answer. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on relator's motion for default, filed pursuant to Gov.Bar. R V(6)(F).

{¶ 2} On April 9, 1993, relator received a grievance alleging that respondent had neglected his representation of an Orient Correctional Institute inmate. Relator sent a letter of inquiry about the grievance, which respondent received on April 27, 1993. On May 11, 1993, respondent's counsel replied by asking for additional time to respond; however, the counsel withdrew prior to forwarding any response. Respondent offered no other reply to the letter of inquiry.

**{¶ 3}** Thereafter, respondent was served with a subpoena *duces tecum* issued by the board that commanded his appearance and the production of documents on September 16, 1993. Respondent contacted relator on the preceding day to reschedule his appearance, but he also did not appear on the alternate date to which respondent and relator had agreed. Respondent was served a second subpoena *duces tecum* commanding his appearance and the production of certain documents on June 1, 1994. He also did not comply with the second subpoena.

**{¶ 4}** In August 1994, respondent was issued a six-month suspension from the practice of law for his professional neglect and dishonesty in *Lake Cty. Bar Assn. v. Marshall* (1994), 70 Ohio St.3d 82, 637 N.E.2d 301.

**{¶ 5}** On January 25, 1995, respondent was found in contempt for failing to comply with the board's two subpoenas. *Disciplinary Counsel v. Marshall* (1995), 71 Ohio St.3d 1450, 644 N.E.2d 655. He was suspended indefinitely from the practice of law for his noncompliance. To date, he has done nothing to purge himself of this contempt.

**{¶ 6}** The panel unanimously granted the motion for default and found that respondent had committed the misconduct charged in the complaint. A majority of the panel recommended that respondent be permanently disbarred for his demonstrated disdain for the disciplinary process. One panel member, however, recommended that respondent receive an indefinite suspension.

**{¶ 7}** The board concurred in the panel's findings of fact and conclusions of law, and recommended permanent disbarment.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

_____

***Per Curiam.***

{¶ 8} We adopt the board's findings of misconduct and recommendation. Respondent is, therefore, ordered permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————